George Pearson v. The State.

No. 8332.   Decided February 6, 1924.

Manufacturing Intoxicating Liquor—Principals—Charge of Court.

Where the court's charge on principals omitted to instruct the jury that the presence alone of the party would not make him a principal, and the requested charge upon this subject was not submitted to the jury, the same is reversible error.

Appeal from the District Court of Baylor.   Tried below before the Honorable J. H. Milam.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

HAWKINS, Judge.—Appellant is under conviction for manufacturing whisky, with punishment assessed at one year in the penitentiary.

Accused had been employed to do some carpenter work on a ranch, part of which was tearing down an old house.   On the morning of the arrest officers, who were searching for a still, saw appellant get some lumber which had been taken from the dismantled house and carry it in his arms through the pasture; they followed; he threw the lumber down near where a still was found in a dugout. About the time appellant placed the lumber on the ground the officers observed another man, one Lyall, coming towards the place from another direction.   Upon discovering the officers both Lyall and appellant ran. After taking these two men into custody the officers secreted themselves, and presently a third man, one Cox, appeared carrying on his shoulder a fifteen gallon can containing gasoline.   The still was equipped with a gasoline burner.   It was not in operation at the time.   Twenty-five gallons of whisky and eight barrels of mash were found.   In the branch near the still was a well which had been partly walled up with old lumber corresponding to that which appellant was carrying.   Appellant testified that after tearing down the old house he was at work at another place on the ranch erecting a new one; that he had run short of lumber and on this particular morning was waiting for a load to be brought out.   It appears to have been established as a fact that the work was delayed on account of lumber and that a load was expected and did not arrive later in the

morning. Appellant further testified that he was directed by one Lee whom he had seen working about the ranch, to get some old lumber from the house which had been torn down and take it to a point on the branch where there was a well, and for him (appellant) to wall it up with this old lumber; that appellant had never been to the well before but followed directions given him by Lee; that he had no knowledge of the dugout or the presence of a still at or near the well.

It is certain from the officer's testimony that no whisky was being manufactured at the time of appellant's arrest, and that the whisk— found there was made at some previous time. It was the State's contention that appellant, Cox and Lyall were principals and acted together in manufacturing the whisky, which they sought to establish by circumstantial evidence. The only charge on principals was a substantial copy of articles 74 and 75 of the Penal Code. It omitted to instruct the jury that the presence alone of a party would not make him a principal. The charge was excepted to because appellant's defense was not affirmatively submitted, and the following special charge was requested and refused:

"Although you may believe from the evidence that the defendant, George Pearson, was present at the still when arrested by officers and was preparing to curb a well there yet you cannot convict him unless you further find and believe from the evidence beyond a reasonable doubt that the defendant alone or with Jack Lyall and J. B. Cox manufactured whisky as charged in the indictment, and it is not sufficient that whisky was manufactured at said still."

We think this charge should have been given. Appellant, if believed, accounted for his presence on the occasion of his arrest in a manner entirely consistent with his innocence, and the jury should have been told that his presence would not justify a conviction although whisky had been made there, unless he alone or in connection with the other parties had manufactured it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*